RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the majority that the rich are different in many ways, but that difference should not include an unfettered ability to dodge taxes with impunity.
There is little doubt, if any, that William Hawkins deliberately decided to spend money extravagantly rather than pay his duly assessed state and federal taxes. Hawkins now seeks to discharge these taxes in bankruptcy.
The Bankruptcy Code precludes discharge of tax debts “with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.” 11 U.S.C. § 523(a)(1)(C). We must now decide whether Hawkins’ actions avoiding payment of the taxes was “willful.” I disagree with the majority on this point.
The proceedings before the bankruptcy court are telling. There is no question that Hawkins was aware of the substantial sums he owed in taxes as early as 2004. See Bankruptcy Court Memorandum Decision, p. 7 (noting that during family court proceedings to reduce child support payments, Hawkins acknowledged owing $25 million in taxes). Even after acknowledging the tax debt, Hawkins maintained a home worth well over $3.5 million, and an ocean-view condominium worth well over $2.6 million. See id., pp. 9-10. Although there were only two drivers in the family, Hawkins purchased a fourth vehicle that cost $70,000.00. See id., p. 10. At the family court hearing, Hawkins’ bankruptcy attorney “testified that Hawkins’ intent was not to pay the tax debt, but to. discharge it in bankruptcy....” Id., p. 19. This testimony is a strong indication of a willful intent to avoid the payment of taxes by hook or by crook. Indeed, the bankruptcy court noted that the personal living expenses of the Hawkins family during the period in question were “truly exceptional.” Id., p. 20. Incredibly, the family “spent between $16,750 and $78,000 more” each month than their income. Id. The bankruptcy court determined that the wasting of assets through profligate spending indicated willful evasion of tax payments. See id., p. 27. Ultimately, the bankruptcy court relied upon the following “badges of evasion”: 1) Hawkins’ “exceptional business sophistication”; 2) his “open acknowledgment of his tax debt and insolvency”; 3) the lengthy period of wasteful spending; 4) the amount of wasteful spending; and 5) “the extent to which the wasteful expenditures exceeded ... earned income.” Id., p. 29.
The majority opinion gives Hawkins a pass by focusing on the Bankruptcy Code’s *671 purpose of providing a “fresh start” to debtors. However, this overly expansive interpretation of the “fresh start” policy could easily eclipse all discharge exceptions. The majority’s conclusion, in my view, creates a circuit split and turns a blind eye to the shenanigans of the rich.
I am persuaded by the reasoning of a recent decision in the Tenth Circuit involving similar circumstances, Vaughn v. IRS (In re Vaughn), No. 13-1189, 765 F.3d 1174, 2014 WL 4197347 (10th Cir. Aug. 26, 2014). In that case, the Tenth Circuit cited to the district court decision in this case to support its ruling. See id. at 1180, 2014 WL 4197347, at *6 (citing Hawkins v. Franchise Tax Bd., 447 B.R. 291, 300 (N.D.Cal.2011)). In Vaughn, as in Hawkins, a wealthy taxpayer sought to discharge through bankruptcy a substantial amount of taxes owed. See id. at 1178, 2011 WL 1045274, at *4.
The Tenth Circuit held that the determination of “whether or not a debtor willfully attempted to evade or defeat a tax under 11 U.S.C. § 523(a)(1)(C) is a question of fact reviewable for clear error.... ” (citation, footnote, reference and alterations omitted). Id. at 1180, 2011 WL 1045274, at *6. The court articulated the following elements required to satisfy the mental state requirement: “1) the debtor had a duty under the law; 2) the debtor knew he had the duty; and 3) the debtor voluntarily and intentionally violated the duty.” Id. (citing Vaughn v. IRS (In re Vaughn), 463 B.R. 531, 546 (Bankr.D.Colo.2011); Hawkins, 447 B.R. at 300).
The Tenth Circuit incorporated a number of findings from the bankruptcy court to support the conclusion that Vaughn acted willfully to evade taxes, including failure to preserve assets despite knowledge of substantial tax liability, and “numerous large expenditures.” Id. n. 5.[1] The Tenth Circuit also adopted the observation made in Hawkins that “nonpayment of a tax can satisfy the conduct requirement when paired with even a single additional culpable act or omission.” Id. (quoting Hawkins, 447 B.R. at 301).
I would follow the lead of the Tenth Circuit and affirm the bankruptcy court ruling denying discharge of Hawkins’ substantial tax liability due to his willful attempt to avoid payment of those taxes through profligate spending. The bankruptcy court’s findings were not clearly erroneous and were consistent with the persuasive rationale articulated by the Tenth Circuit in Vaughn. Providing a fresh start under the Bankruptcy Code should not extend to aiding and abetting wealthy tax dodgers. I respectfully dissent.-

. Notably, these same findings also were made by the bankruptcy court in this case.